IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                           )<br>             Plaintiff,                         )<br>                                                           )<br>    vs.                                              )<br>                                                           )<br>CERVANDO TERAN TERRAZAS,   )<br>                                                           )<br>             Defendant.                      ) | Case No. 8:12CR282<br><br>ORDER |

     This case is before the court on the Defendant's Motion to Dismiss Count One of the Indictment, Or in the Alternative to Obtain a Bill of Particulars With Respect to Count One of the Indictment (#188).  The defendant alleges it is necessary to set forth the overt acts of the defendant in furtherance of the alleged conspiracy in order to prepare for trial.

     The government responds in its brief and response to Motion for Bill of Particulars (#190) that it has provided police reports, property reports, lab reports, and transcript of tape recordings relevant to the conspiracy offense charged.  The government further notes the police reports include the details of the defendant's arrest on July 16, 2012, reports detailing his post-arrest *Mirandized* statement, and eight (8) hours of poll-camera footage including July 16, 2012 images of the defendant outside a residence at 4119 Monroe Street.  The government further alleges that a motion for a bill of particulars, if granted, would not result in the defendant having any more specific information than he has now and requests the motion be denied.

**A Bill of Particulars is Not a Discovery Tool.**

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." United States v. Livingstone, 576 F. 3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Id. (Internal quotations omitted).

The defendant's motion, while cast as a motion for bill of particulars is, in fact, an attempt to gain the government's theories of the defendant's criminal liability and evidentiary details outside of the scope of proper discovery. Cases that have dealt with this subject agree that a bill of particulars is not to be used as a discovery tool, and that it is not the function of the bill of particulars to set forth evidentiary detail. "Acquisition of evidentiary detail is not the function of the bill of particulars." United States v. Matlock, 675 F. 2d 981, 986 (8th Cir. 1982) (citing Hemphill v. United States, 392 F. 2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968)). A bill of particulars is not to be used for discovery purposes." United States v. Hill, 589 F. 2d 1344, 1352 (8th Cir. 1979), *cert. denied,* 442 U.S. 919 (1979), *see also,* United States v. Little, 562 F. 2d 578, 581 (8th Cir. 1977). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Johnson, 973 F. Supp. 1102, 1110 (D. Neb.

1997), (citing United States v. Anderson, 481 F. 2d 685 (4th Cir. 1973)).  Yet, this is what the defendant is requesting.

**IT IS ORDERED,** the Defendant's Motion to Dismiss Count One of the Indictment, Or in the Alternative to Obtain a Bill of Particulars With Respect to Count One of the Indictment (#188), is denied following hearing, for the reasons set out at the hearing, and memorialized in this order.

Dated this 3rd day of January 2013.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge